**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In Re: | : | Chapter 13 |
| | : | |
| JACKIE P. FOSTER, | : | Case No. 17-20360 (JJT) |
| | : | |
| DEBTOR. | : | Re: ECF Nos. 48, 50 |
| _____ | : | |

**MEMORANDUM OF DECISION AND ORDER**
**ON OBJECTION TO DEBTOR'S PLAN CONFIRMATION**

On March 24, 2018, Jackie P. Foster, by and through her undersigned counsel, Charles A. Maglieri, filed an amended Chapter 13 plan before confirmation ("Proposed Plan", ECF No. 48) pursuant to 11 U.S.C. § 1322. Creditor Santander Bank, N.A. ("Santander") holds the note ("Note") and first-priority mortgage ("Mortgage") secured by Ms. Foster's residential property. On March 27, 2018, Santander filed an objection to confirmation of the Proposed Plan ("Objection", ECF No. 50) that underscores its disaffection with the amount Ms. Foster alleges that she owes to Santander on her post-petition mortgage arrears and the proposed cure of that amount under the Proposed Plan. On May 14, 2018, the Chapter 13 Trustee also interposed an objection to confirmation of the Proposed Plan (ECF No. 52) asserting, *inter alia*, that it needs to see adequate protection payments made to the secured automobile lender and that it does not think that the plan is feasible due to a shortfall in payments to the Chapter 13 Trustee.[1]

---

[1] Both issues raised by the Chapter 13 Trustee deal with feasibility of the Proposed Plan. Issues relating to the precise cure amounts due to Santander and the feasibility of the Proposed Plan will be addressed separately at or before the plan confirmation hearing.

## JURISDICTION AND VENUE

On March 17, 2017, Ms. Foster filed a voluntary petition (ECF No. 1) for Chapter 13 relief under Title 11 of the United States Code ("Bankruptcy Code"). The Court has jurisdiction over this Proposed Plan pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). Venue is proper in this Court for this case and the Proposed Plan pursuant to 28 U.S.C. § 1408 and § 1409, respectively. Ms. Foster requests that this Court use its authority under 11 U.S.C. § 1325 to confirm the Proposed Plan.

## BACKGROUND

Ms. Foster's Mortgage with Santander was in default before the filing of her bankruptcy petition, and several payments due post-petition are also now in arrears. The Proposed Plan is Ms. Foster's third amended plan. Under the Proposed Plan, payments would increase an additional $19.44 per month for 60 months from $648.17 to $667.61 in order to address the alleged post-petition mortgage arrears. This increases the total payment by $1,166.40 over the course of the Proposed Plan. The Proposed Plan includes late fees on the post-petition mortgage arrears payments. Santander has objected to the Proposed Plan based on: 1) the anti-modification exception in 11 U.S.C. § 1322(b)(2); and 2) its interpretation of 11 U.S.C. § 1322(b)(5), which Santander alleges only applies to the curing of pre-petition mortgage arrears. Santander also takes issue with the amount Ms. Foster believes she owes in post-petition mortgage arrears, but fails to aver the amount it claims is due.[2]

---

[2] In its objection, the Chapter 13 Trustee points out that no proof of claim or stipulation has been filed stating the accurate arrears amount owed to Santander as of November 1, 2017. As the amount owed in arrears may affect the feasibility of the Proposed Plan, it will not be addressed at this time, and is appropriately reserved for a future hearing if the parties' contest persists.

2

**ISSUE**

This decision will address whether 11 U.S.C. § 1322(b) allows the bankruptcy court to approve a Chapter 13 plan that proposes to cure, over its course, both pre-petition and post-petition mortgage arrears on a mortgage instrument secured by the debtor's principal residence.

**LEGAL DISCUSSION**

The Bankruptcy Code provides that a bankruptcy plan may "modify the rights of holders of secured claims, *other than* a claim secured only by a security interest in real property that is the debtor's principal residence". 11 U.S.C. § 1322(b)(2) (emphasis added). This anti-modification exception forbids changes to a mortgagee's rights secured by the debtor's principal residence. *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 327 (1993). Notwithstanding this prohibition, the Bankruptcy Code provides "for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due".[3] 11 U.S.C. § 1322(b)(5). A "claim" is defined as the "right to payment, whether or not such right is . . . secured[ ] or unsecured; or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is . . . secured[ ] or unsecured." 11 U.S.C. § 101(5).

The protective focus of 11 U.S.C. § 1322(b)(2) is on the "rights" of holders of secured claims, as distinguished from "claims". *Nobelman*, 508 U.S. at 328. However, "rights" are not defined in the Bankruptcy Code. Instead, where Congress has not legislated on the issue, property rights are governed by state law. *Barnhill v. Johnson*, 503 U.S. 393, 398 (1992). The application of state law is "not limited to ownership interests", but also applies to security interests, including

---

[3] Ms. Foster's failure to maintain mortgage payments, absent curative abilities, would normally support dismissal of the Chapter 13 case. 11 U.S.C. § 1307.

3

those of mortgagees. *Butner v. United States*, 440 U.S. 48, 55 (1979). Those contractual rights were "bargained for by the mortgagor and the mortgagee." *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992). Modifications prohibited by 11 U.S.C. § 1322(b)(2) include "any fundamental alteration in a debtor's obligations, e.g., lowering monthly payments, converting a variable interest rate to a fixed interest rate, or extending the repayment term of a note." *Litton v. Wachovia Bank* (*In re Litton*), 330 F.3d 636, 643 (4th Cir. 2003). *See also In re Coffey*, 52 B.R. 54, 55 (Bankr. D. N.H. 1985) (sustaining a creditor's objection to a plan confirmation that proposed converting a demand note with a variable interest rate into a 30-year loan with a fixed interest rate, where the creditor was secured by the debtor's principal residence).

There exists "a distinction between modifying the rights of a mortgagee where the debtor proposes to pay his mortgage at an interest rate lower than that provided for in the mortgage, and modifying a plan of reorganization to include postpetition mortgage payments which are in arrears." *Mendoza v. Temple–Inland Mortg. Corp. (In re Mendoza)*, 111 F.3d 1264, 1267 (5th Cir. 1997). While the Bankruptcy Code and *Nobelman* do not allow a debtor to change the terms of the mortgage over the creditor's objection, a plan allowing a debtor to cure its post-petition mortgage arrears payments "is not a change in the treatment of the [rights of the] secured creditor." *In re Hanley*, 575 B.R. 207, 215 (Bankr. E.D.N.Y. 2017). *See, e.g.*, *Bowest Corp. v. Stafford* (*In re Stafford*), 123 B.R. 415, 420 (N.D. Ala. 1991) (ruling that a debtor may even modify a Chapter 13 plan post-confirmation to cure post-confirmation mortgage arrears); *In re Gadlen,* 110 B.R. 341, 346 (Bankr. W.D. Tenn. 1990) (holding that a debtor may cure post-petition mortgage arrears through a modified plan and noting that the bank has the right to file a claim for that amount plus interest).

4

It is undisputed that Santander holds the first-priority mortgage on Ms. Foster's principal residence. Santander's contractual rights are contained in the Note and the Mortgage and provide for any claim it might have against Ms. Foster. The terms of the Mortgage include monthly payments due and payable on the first of each month. Under 11 U.S.C. § 1322(b)(2), any modification of Santander's rights to full repayment, reduction in installment payments, or extension of the maturity date, for example, or modification of any other fundamental aspect of the Mortgage is impermissible. To allow otherwise "would be a significant modification of a contractual right." *Nobelman*, 508 U.S. at 331. Here, Ms. Foster does not intend to modify Santander's contractual right to payment, but instead seeks to cure her arrears, precisely so that Santander may be made whole under the terms of the Mortgage.

In examining Santander's second argument, the Court first turns to the statute to construe the plain meaning of its text. Regardless of the anti-modification exception, a plan may "provide for the curing of *any* default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due". 11 U.S.C. § 1322(b)(5) (emphasis added).

Here, the plain meaning is unequivocal and conclusive, and "except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters", it shall be followed. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (internal quotations and citation omitted). While Santander points out that some courts in other districts have held that 11 U.S.C. § 1322(b)(5) allows for pre-petition, but not post-petition, mortgage arrears payments in a Chapter 13 plan, neither 11 U.S.C. § 1322(b)(2) nor § 1322(b)(5) expressly state that *only* pre-petition mortgage arrears may be cured in a plan.[4] If

---

[4] As Santander acknowledges in its Objection, those cases ostensibly rely on thin *dicta* in *Nobelman*.

5

Congress meant for this result, it could, and would, have written it into the statute. The omission of such a qualifier is determinative.

Based on the plain meaning of 11 U.S.C. § 1322(b)(5) and the policy surrounding Chapter 13 bankruptcies, the statute "permits cure of *any* default whether occurring prior to the filing of the petition or subsequent to confirmation of the plan." *Green Tree Acceptance, Inc. v. Hoggle (In re Hoggle)*, 12 F.3d 1008, 1010 (11th Cir. 1994) (emphasis added). This reading "falls within the letter and spirit of the statutory scheme" and accords flexibility in plan modifications to homeowners, who Congress intended to protect. *Id.* at 1011.

This Court finds the Fifth and Eleventh Circuits' rationale persuasive, logical, and consistent with Congress' objectives and accordingly holds that the Chapter 13 debtor may propose to cure post-petition mortgage arrears through a Chapter 13 plan, even without the consent of the affected secured creditor. The modification only affects the timing of post-petition mortgage arrears payments to the mortgagee rather than whether those payments, rightfully owed to the mortgagee, are received by the mortgage's maturity date. Neither Santander's rights, elaborated under *Nobelman*, nor its security interest in the mortgagor's principal residence are inappropriately modified by such a cure.

This Court is mindful of its role as gatekeeper, as well as protector of both the debtor's and creditor's interests in the Chapter 13 plan process. This is why the Proposed Plan must comply with the statutory requirements of the Bankruptcy Code and "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending". 11 U.S.C. § 1322(b)(5). "Because of the equitable nature of bankruptcy in seeking a balance between debtors and creditors, bankruptcy courts should be afforded the latitude to fashion remedies they consider appropriate under the circumstances, . . . as long as the bankruptcy court follows the Bankruptcy

Code's statutory mandate." *Mendoza*, 111 F.3d at 1270. This Court will continue to remain vigilant in its review and exercise of its discretion regarding the allowance of any such proposed cure of post-petition mortgage arrears to assure it is *bona fide* and that it otherwise comports with the Bankruptcy Code's requirements.

## **CONCLUSION**

The Objection (ECF No. 50) to confirmation of the Proposed Plan as it relates to this issue is overruled. A Chapter 13 plan may provide for the cure of post-petition mortgage arrears under 11 U.S.C. § 1322(b)(5), notwithstanding 11 U.S.C. § 1322(b)(2). The Court otherwise reserves the rights of the parties and the decision of this Court concerning the Proposed Plan's confirmability under 11 U.S.C. § 1325. Accordingly, Ms. Foster must now demonstrate that the Proposed Plan is feasible and otherwise meets the Chapter 13 standards for confirmation. A hearing to consider plan confirmation shall be scheduled forthwith. Any further objections to the Proposed Plan shall be filed at least three days prior to that hearing.

IT IS SO ORDERED in Hartford, Connecticut on this 9th day of July 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut